Elvin Edgardo REYES–RODRIGUEZ,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–74371.
Agency No. A70–784–315.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Victor D. Nieblas, City of Industry, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Elvin Edgardo Reyes Rodriguez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings for substantial evidence. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review de novo claims of due process violations. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

■ Reyes testified that guerrillas kidnaped and beat him after they came to his home seeking his brother, who was in the military. Without further evidence of the guerrillas' motivations, Reyes' testimony regarding his forced recruitment does not compel a finding that the guerrillas harmed him on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1489–90 (9th Cir.1997).

■ Reyes testified that he fears the government will persecute him because it believes he was involved with the guerrillas during his kidnaping, but he does not provide evidence that the government is aware of his abduction or that the government would be inclined to persecute him if it were aware. In addition, Reyes temporarily returned to Honduras in 1995 without any incident. Reyes' fears are too speculative to compel a finding of a well-founded fear of future persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003).

Because Reyes fails to establish eligibility for asylum, it follows that he does not satisfy the more stringent standard for withholding of removal. *See Farah v.*

*Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Reyes contends that the BIA violated his right to due process by recalendaring his administratively closed appeal, but cites to no authority indicating the BIA acted improperly. Reyes does not show prejudice from the reinstatement because execution of a removal order is prohibited when a pending application for temporary protected status ("TPS") establishes prima facie eligibility. 8 U.S.C. §§ 1254a(a)(1) & 1254a(a)(4)(B) (alien who establishes prima facie eligibility for TPS pending final determination on TPS application shall not be removed); *cf. Yao v. INS,* 2 F.3d 317, 319 (9th Cir.1993) (holding alien's pending application for special agricultural worker status prohibited execution of deportation order, but did not preclude initiation of deportation proceedings or entry of deportation order).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004), Reyes' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.